
FILED
JUN 23 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GINO V. JACKSON,

    Plaintiff,

v.                                      Civil Action No. 3:09cv43

ERIC L. OLSEN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this civil rights action and paid the full filing fee. The matter is before the Court on Plaintiff's failure to abide by the Court's directions and submit an appropriate complaint.

### I. Procedural History

Plaintiff's original complaint spanned over 50 pages, named 30 individuals as defendants, and contained 25 separate "CAUSES OF ACTION." By Memorandum Order entered on May 7, 2009, the Court informed Plaintiff that his complaint did not comply with Federal Rules of Civil Procedure 8(a)[1] and 20(a).[2] The Court further directed Plaintiff, within twenty days of the date of entry thereof, to show good cause why the original complaint should not be dismissed or to

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] When a plaintiff seeks to bring multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20(a), which provides:
    **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
    **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    **(B)** any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20(a).

submit an appropriate amended complaint. The Court warned Plaintiff that the failure to comply with the terms of the of the May 7, 2009 Memorandum Order would result in dismissal of the action. *See* Fed. R. Civ. P. 41(b). Thereafter, on June 12, 2009, Plaintiff submitted an amended complaint (hereinafter "the Amended Complaint"). In a lengthy Memorandum Opinion and Order entered on March 1, 2010, the Court informed Plaintiff that the Amended Complaint did not comply with Federal Rules of Civil Procedure 8(a), 20(a), and the Court's May 7, 2009 Memorandum Order. *See Jackson v. Olsen*, 3:09cv0043, 2010 WL 724023, at *8 (E.D. Va. 2010).

> The Court informed Plaintiff that:
>
> The Court will only address on the merits in this action Plaintiff's claims set forth in his First Cause of Action [of the Amended Complaint]. Accordingly, the action will proceed only on the claims set forth in his First Cause of Action against the defendants identified in paragraphs 15 through 24. Plaintiff's other claims in his remaining Causes of Action will be DISMISSED WITHOUT PREJUDICE to refiling new complaints in new suits that comport with Federal Rules of Civil Procedure. If Plaintiff does not file a second amended complaint with eleven (11) days of the date of entry hereof, the Court will then proceed to review the claims in the First Cause of Action under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

*Id.* (internal footnote omitted). The Court further informed Plaintiff that, with respect to any second amended complaint:

> Plaintiff must . . . state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Plaintiff may not name more than one defendant in his second amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). To the extent Plaintiff names more than one defendant, he must state on the first page of the second amended complaint the common question of law or fact for all of the defendants.

*Id.* at *9. The Court warned Plaintiff that, "If Plaintiff submits a second amended complaint that

2

does not comply with above directives, the Court will deny his attempt to amend and proceed to address the claims set forth in his First Cause of Action in the amended complaint." *Id.*

On May 17, 2010, the Court received Plaintiff's Second Amended Complaint. The Second Amended Complaint suffers from the same pleading deficiencies as the Amended Complaint. For example, Plaintiff's conclusory allegations of a conspiracy are insufficient to join all twenty defendants named in the Second Amended Complaint. *See id.* at *7 (citing cases). Additionally, Plaintiff fails to explain how each defendant violated the numerous constitutional provisions listed in the Second Amended Complaint. Therefore, Plaintiff's motion to amend (Docket No. 105) will be DENIED. The Court will proceed to address the claims in the Amended Complaint set forth in Plaintiff's First Cause of Action against the defendants identified in paragraphs 15 through 24.

## II. Allegations in the First Cause of Action of the Amended Complaint

The allegations in the First Cause of Action, are restated verbatim below:

15. That defendants Chichester and Olsen conspired by planning to have Stafford County Sheriff's Deputies harass and intimidate the plaintiff as a party in criminal litigation in March 2004, as a result of racially animus. This invidious discrimination prevented the plaintiff from fully and fairly participating as a party at the hearing. The plaintiff was injured in the security of his person by these acts, and did not discover the complicity between defendants Chichester and Olsen with his defense lawyers David P. Baugh and Kristie L. Kane to deprive him of effective assistance of counsel to conceal prosecutorial misconduct until he studied procedural and substantive due process and learned they constitute claims under Title 42, § 1983 in 2009.

16. In March 2004, Sheriff's Deputy Jane Doe (Hall) and Sheriff's Deputy First Sergeant John Doe assaulted and battered the plaintiff. The First Sergeant bent down and held the legs of the plaintiff's chair while Sheriff's Deputy Jane Doe (Hall) struck the plaintiff across his chest without legal cause or justification when he entered the court room in shackles.

17. The plaintiff was at the hearing to respond to the motions by David P. Baugh and Kristie L. Kane's to withdraw as defense counsel where Judge Ann Hunter Simpson presided.

18. Defendant J. Bruce Strickland had informed Attorney Adam B. Crickman that he was at the plaintiff's criminal trial on January 24-26, 2005 and that he and other lawyers were aware that Baugh and Kane didn't defend the plaintiff during the trial. When the plaintiff questioned Baugh and Kane about this disclosure they immediately motioned the court to withdraw.

19. During the hearing, Commonwealth Attorney Phong Michael Hardiman misrepresented to Judge Simpson that there were complex motions pending from the defense to prevent them from being allowed to withdraw. The plaintiff was able to tell the court that the defense was guilty of malpractice, despite the intimidation by the bailiffs and she allowed them to withdraw as counsel.

20. The plaintiff reported the police intimidation to a male Caucasian Bailiff in the holding cell area after the hearing and to Rappahannock Regional Jail transportation Officer Shabazz along with the plaintiff's counselor, Mrs. Gallagher. No investigative actions were taken by any of these actors.

21. The plaintiff reported the incident to Judge Ann Hunter Simpson at the next criminal hearing in late March or early April 2005. Judge Simpson assigned Deputy Public Defender James Ilijevich to defend the case after allowing Baugh and Kane to withdraw. Defendant Ilijevich was also designated to investigate the matter, but he abandoned the representation without ever accomplishing the task.

22. Defendant Ilijevich withdrew as counsel after he furthered the conspiracy by Chichester, Olsen, Hardiman, Baugh, and Kane by having one of the plaintiff's key defense witnesses, Mr. Willie Porter, Jr. arrested outside the court room after one of the plaintiff's criminal hearing, while waiting for to meet defendant Ilijevich at Ilijevich's request. He also attempted to get the plaintiff's only copy of telephone communications between Daniel M. Chichester and defendant Patricia Jackson that occurred prior to the April 18, 2004 altercation between her and the plaintiff. There were also telephone records of communications after normal working hours and weekends between Hardiman and Ms. Jackson. Ilijevich begged the plaintiff to not show the phone records to Judge Earnest P. Gates. This act was done to intimidate Mr. Porter from providing any further assistance to the plaintiff, which eventually occurred through repeated acts of this nature in the criminal and related civil matters.

23. As a direct and proximate result of the above described unlawful, acts the defendants were successful in the purpose of their conspiracy and the plaintiff suffered damage to his security, property, and emotional damage; all in violation of

his rights under the laws and Constitution of the United States, in particular the First, Fifth, Sixth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C. §§ 1983 and 1985.

24. The aforementioned defendants acted to deprive the plaintiff of the due process and equal protection of the law based upon the plan and acts in furtherance of their conspiracy to conceal judicial misconduct. The plaintiff was greatly humiliated; injured in his reputation, injured in his property; and has suffered great pain, emotional distress, and mental anguish all to plaintiff's damage in the sum of $200,000.00.

(Am. Compl. ¶¶ 15-24.)

### III. Analysis

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Because 42 U.S.C. § 1983 does not explicitly provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*citing Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2010). Hence, Plaintiff was required to file his current complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123

(1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv00138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (*quoting Nasim*, 64 F.3d at 955) (alteration in original).

Here, the limitation period commenced for the inchoate claims articulated in the First Cause of Action at the latest in the Spring of 2005. The present action was not filed until 2009, well past the two year statute of limitations. Thus, the claims in the First Cause of Action are barred by the two-year statute of limitations and are DISMISSED WITH PREJUDICE.

To the extent that Plaintiff suggests any of the foregoing actions amounted to malicious prosecution, such a claim would not be barred by the statute of limitations, but it would be legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases because Plaintiff fails to allege that the underlying criminal proceeding has "terminate[d] favorably to the plaintiff." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) (*quoting Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000)), *cert. denied*, 176 L.Ed 415 (2010).

The action will be DISMISSED. Plaintiff's motion for injunctive relief (Docket No. 107) will be DENIED. The Clerk will be DIRECTED to note the disposition of the action for purposes of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Date: JUN 2 3 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge